[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-12305
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 1, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 03-10024-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELIAS SANTIESTEVAN,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(June 1, 2005)

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Elias Santiestevan appeals his 135-month sentence for conspiracy to possess

with intent to distribute five or more kilograms of cocaine on board a vessel

subject to United States jurisdiction, in violation of 46 U.S.C. app. §§ 1903(g) and 1903(j).  On appeal, Santiestevan argues that his due process rights and right to a jury trial were violated when the district court enhanced his sentence based on a quantity of drugs not charged in the indictment or admitted by him.   Because, under United States v. Booker, 543 U.S. _, 125 S. Ct. 738 (2005), the district court erred in sentencing Santiestevan under a mandatory sentencing guidelines regime, and Santiestevan has established a reasonable probability that the district court would have imposed a lesser sentence but for the mandatory guidelines, we VACATE Santiestevan's sentence and REMAND for re-sentencing.

## I.  BACKGROUND

Santiestevan was indicted for, among other things, conspiracy to possess with intent to distribute five or more kilograms of cocaine on board a vessel subject to United States jurisdiction, in violation of 46 U.S.C. app. §§ 1903(g) and 1903(j).  At the hearing where he pled guilty, the plea agreement and the Factual Basis for Plea were introduced.  R1-60, 67, 68.  The plea agreement did not include a waiver of appellate rights.  See R1-67.  The Factual Basis, which Santiestevan signed, stated that 428 kilograms of cocaine were recovered from the water near the vessel from which Santiestevan and his co-defendants were rescued.  R1-68 at 1-2.  The probation officer recommended that Santiestevan

receive a base offense level of 35 and a criminal history category of I, resulting in a sentencing guidelines' range of 168 to 210 months. Santiestevan objected to the probation officer's recommendation and argued that he was entitled to reductions under the safety valve provision and for his minor role in the offense. R1-107. The government responded in opposition to both reductions. R1-108.

At sentencing, the government and Santiestevan indicated that the parties had reached an agreement in which the government would not oppose the safety valve reduction, and Santiestevan would withdraw his request for a minor role reduction. R2 at 6-7, 8. Based on the safety valve reduction, the probation officer then advised that Santiestevan's offense level would be 33, with a sentencing range of 135 to 168 months. Id. at 9. The district judge endorsed the agreement regarding the safety value reduction and indicated that he would sentence Santiestevan "at the low end of the guideline range." Id. He commented that

> particularly in circumstances such as these, I would impose a lower sentence had I the discretion to do so, the discretion to depart. I don't find the basis for that, but I am not in agreement with the sentencing guidelines as they are administered, but there is nothing I can do about that. I must uphold the law.

Id. at 13. The district judge sentenced Santiestevan to 135 months of imprisonment and three years of supervised release. Id. at 14, 17. Santiestevan did not otherwise object to the district court's sentence.

On appeal, Santiestevan contends that under <u>Blakely v. Washington</u>, 524 U.S. __, 124 S. Ct. 2531 (2004),[1] the district court plainly erred by applying a six-level upward enhancement to his sentence based on a quantity of drugs greater than that charged in the indictment.

## II.  DISCUSSION

We review "a district court's interpretation of the sentencing guidelines and its application of the guidelines to the facts" <u>de novo</u>.  <u>United States v. Gunn</u>, 369 F.3d 1229, 1237-38 (11th Cir.) (per curiam), <u>cert. denied</u>, _ U.S. _, 125 S. Ct. 324 (2004).   When a defendant fails to make an objection or argument in the district court, we review only for plain error.  <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1298 (11th Cir. 2005), <u>petition for cert. filed</u> (U.S. Feb. 23, 2005) (No. 04-1148).  Under the plan error analysis, we may correct an error only where

> there is:  (1) error, (2) that is plain, and (3) that affects substantial rights.  If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

<u>Id.</u> (internal quotations and citations omitted).

---

[1]  Although Santiestevan only referenced <u>Blakely</u>, the holding in <u>Blakely</u> was applied to the federal sentencing guidelines in <u>United States v. Booker</u>, 543 U.S. __, 125 S. Ct. 738 (2005). Therefore, we will treat Santiestevan's claim as one raised under <u>Booker</u>.  <u>See United States v. Rodriguez</u>, 398 F.3d 1291, 1297-98 (11th Cir. 2005).

The district court did not err by enhancing Santiestevan's sentence based on the quantity of drugs because Santiestevan's sentence was not enhanced as a result of a judicial finding that went beyond the facts admitted by Santiestevan. Therefore, there is no Sixth Amendment violation under Booker.  See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005).  However, because the district court sentenced Santiestevan under a mandatory guidelines scheme, his sentence constitutes a Booker error, which is plain at the time of appellate review. See id. at 1330-31.  Because the district court expressed that it would depart from the Guidelines if it had the discretion to do so and sentenced Santiestevan at the lowest possible sentence under the Guidelines, 135 months, there is a reasonable probability that the district court would have imposed a lesser sentence if the Guidelines were not considered mandatory.[2]  See id. at 1332-33.  Therefore, Santiestevan has satisfied the first three prongs of the plain error analysis.  Where a district court has expressed the desire to impose a sentence less than that available at the low end of the Guidelines, and the Supreme Court has held that the district court has the discretion to impose such a reasonable sentence upon

---

[2] Based on the quantity of drugs to which Santiestevan's pled, Santiestevan faced a statutory minimum sentence of 10 years, or 15 months less than the guidelines sentence he received.  See 46 U.S.C. app. § 1903(g), 21 U.S.C. § 960(b)(1)(B).

consideration of the factors provided in 18 U.S.C. § 3553(a), the fourth prong of the plain error analysis is satisfied.  See id. at 1333-34.

## III.  CONCLUSION

For the reasons stated above, we vacate Santiestevan's sentence and remand for re-sentencing.

**VACATED and REMANDED.**